IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HEALTHCARE INTEGRITY, LLC, and
DAVID CONEJO,

    Plaintiffs,

v.                                                  Civ. No. 20-0750 KG/LF

REHOBETH MCKINLEY CHRISTIAN
HEALTH CARE SERVICES, INC.,
LAURA HAMMONS, VALORY WANGLER,
MARY POEL, NEIL JACKSON,
FELICIA ADAMS, and JAYLYN ELLIS,

    Defendants.

## ORDER ON MOTION TO DISMISS

On September 9, 2021, the Court granted Plaintiffs' Healthcare Integrity, LLC (HCI) and David Conejo (Conejo) (collectively, Plaintiffs) motion for leave to file a second amended complaint. (Doc. 51). Defendants Rehobeth McKinley Christian Health Care Services, Inc. (RMCHCS), Laura Hammons, Valory Wangler, Mary Poel, Neil Jackson, Felicia Adams, and JayLyn Ellis (collectively, "Defendants") opposed the motion to amend and argued, among other things, that amendment would be futile because the then-proposed second amended complaint would but subject to dismissal for failure to state claim upon which relief can be granted. *See* (Doc. 46) at 10-12.

Defendants now move to dismiss Counts I through III of the Second Amended Complaint for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), and ask the Court to decline exercising supplemental jurisdiction over the remaining state law claims, Counts IV through IX (Motion). (Doc. 56). The Motion is fully and timely briefed. (Docs. 62, 67).

Having considered the briefing and the applicable law, and being otherwise fully advised, the Court grants-in-part and denies the remainder of the Motion.

With respect to the Lanham Act claim against RMCHCS, which Defendants did not squarely address in their prior briefing, Plaintiffs assert a theory of contributory liability for Defendant Wangler's purportedly false advertising. The parties correctly point out that the Eleventh Circuit recognized a claim for contributory false advertising under the Lanham Act. *Duty Free Americas, Inc. v. The Estée Lauder Cos., Inc.*, 797 F.3d 1248, 1274-79 (11th Cir. 2015). However, to the Court's knowledge, no court in this Circuit has recognized such a claim. *See Purple Innovations, LLC v. Honest Reviews, LLC*, Case No. 2:17-cv-138-DB, 2017 WL 3172810, *10 (D. Utah July 25, 2017) (noting no authority in the Tenth Circuit recognizing a claim for contributory false advertising and declining to extent the Lanham Act to allow such a claim); *see also Academy of Doctors of Audiology v. Int'l Hearing Soc'y*, 237 F. Supp. 3d 644, 666 (E.D. Mich. 2017) (noting Sixth Circuit has not extended the Lanham Act as the Eleventh Circuit has, and declining to so extend). The Plaintiffs did not identify any authority in this Circuit supporting such a claim and the Court declines to extend the Lanham Act. Therefore, the Court grants the Motion with respect to Plaintiffs' contributory false advertising claim against RMCHCS and dismisses that claim.

As to the remaining claims, the Court expressly analyzed Plaintiffs' Lanham Act claim against Wangler and the § 1983 claims and determined the claims were not futile. (Doc. 51) at 7-16. When a court considers granting leave to amend a complaint, it must determine that the proposed amendment is not futile, that is, the proposed amended complaint is not subject to dismissal. *Ross v. Coleman Co.*, Case No. 19-4115-DDC-GEB, 2020 WL 574916, *6 (D. Kan. Sept. 25, 2020); *see Little v. Portfolio Recovery Assoc., LLC*, 548 Fed. Appx. 514, 515 (10th Cir.

2013) ("A proposed amendment is futile if the amended complaint would be subject to dismissal. To avoid dismissal, the complaint must present enough facts to state a claim to relief that is plausible on its face." (internal citations and quotations omitted)). The Court previously applied the Rule 12(b)(6) standard to the Second Amended Complaint and concluded it adequately states the federal claims at issue. *See* (Doc. 51). Moreover, Defendants previously had—and used—the opportunity to challenge the then-proposed Second Amended Complaint on the basis of futility. *See* (Doc. 46) at 10-12 (arguing the Second Amended Complaint would not survive a motion to dismiss).

The Court incorporates by reference and reiterates its analysis with respect to the two challenged § 1983 claims, including the plausibility of state action, and with respect to the Lanham Act claim against Defendant Wangler. For the reasons stated in the Court's prior Memorandum Opinion and Order (Doc. 51), the Motion is denied on those points, and therefore denied as to Defendants' request to decline supplemental jurisdiction over the remaining state law claims.

IT IS, THEREFORE, ORDERED that Defendants' Motion to Dismiss (Doc. 56) is GRANTED IN PART with respect to the contributory false advertising claim against RMCHCS and is otherwise denied.

_____
UNITED STATES DISTRICT JUDGE